

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

MER

*271 Cadman Plaza East*
*Brooklyn, New York   11201*

January 15, 2010

By ECF
The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Antonio Jones
    Criminal Docket No. 07-866 (S-1) (DLI)

Dear Judge Irizarry:

  The government respectfully submits this letter in connection with the sentencing of the defendant in the above-referenced case, currently scheduled for January 22, 2009 and in response to the defendant's sentencing submission dated December 22, 2009.  For the reasons stated below, the defendant should be sentenced within the applicable Guidelines range, as set forth in the Probation Department's Presentence Investigation Report ("PSR").

I. Background

  As set forth in more detail in the PSR, in September 2006, the defendant recruited a 17 year-old girl, identified as Jane Doe #2, to work for him as a prostitute and used sexually explicit photographs of her and Craig's List postings to advertise her prostitution services.  (PSR ¶¶ 6-11).  In the summer of 2007, the defendant recruited an 11 year-old girl, identified as Jane Doe #1, to work for him as a prostitute, again using Craig's List to advertise the prostitution services.  (PSR ¶¶ 3-5).

  On December 5, 2008, the defendant pled guilty to Count Four of the indictment, which charged him with the sex trafficking of Jane Doe #2.

  As set forth in the PSR the defendant's adjusted offense level under the Guidelines is level 29, and he is within Criminal History Category IV.  His resulting advisory Guidelines range is 121 to 151 months.

- 2 -

II. <u>The Defendant Should Be Sentenced Within the Guidelines</u>

    A. <u>The Defendant's Supervisory Role in the Offense</u>

Both the PSR and the government's estimate in its plea agreement included a 2-level enhancement pursuant to U.S.S.G. § 3B1.1(c) for the defendant's role in the offense. The defendant objects to this enhancement, claiming that there were no other criminal "participants" in the crime as defined by the United States Sentencing Guidelines. (Def. Let. at 2). Because a 21-year old woman recruited Jane Doe #2 at the defendant's direction, the enhancement is appropriate.

As indicated in the government's letter dated December 22, 2009, the defendant recruited Jane Doe #2 by having another young woman approach her. While this 21 year-old woman may have been a victim of the defendant (as suggested in the defendant's letter), she was <u>not</u> a victim of the crime to which the defendant pled guilty, specifically, sex trafficking of a child, in violation of 18 U.S.C. § 1591. The government agrees with the Probation Department that the two-level is appropriate. <u>See</u> Second Addendum to the PSR.

    B. <u>3553(a) Factors Weigh in Favor of a Guidelines Sentence</u>

The nature and circumstances of the offense, the history and characteristics of the defendant the goals of general deterrence all weigh in favor of a Guidelines sentence in this case. In accordance with terms of the plea agreement, the government is not advocating where within the advisory Guidelines range the defendant should be sentenced. <u>See</u> Plea Agmt. ¶ 5(b).

Each of the factors enumerated in Title 18, United States Code, Section 3553(a) points to the imposition of a Guidelines sentence. First, the serious nature of the offense and the need for just punishment cannot be overstated here. Earning money from the prostitution activity of underage girls is a very serious offense. The defendant took advantage of a young girl and profited from exploiting her. Second, the history and characteristics of this defendant also support a Guidelines sentence. The defendant has a significant criminal history and has held virtually no meaningful employment in his entire life. Third, a Guidelines sentence in this case may deter other would-be pimps of underage girls by sending an important message.

Finally, the fact that the defendant's second victim, Jane Doe #1, was so young, only 11 years old, argues for the

- 3 -

necessity of a Guidelines sentence.  The government acknowledges that the defendant did not plead guilty to the charges involving Jane Doe #1, but respectfully urges the Court to consider her age as an aggravating factor in favor of a Guidelines sentence.

III. Conclusion

       The government respectfully requests that the Court impose a sentence within the applicable guidelines range.

                          Respectfully submitted,

                          BENTON J. CAMPBELL
                          UNITED STATES ATTORNEY

               By:      /s/
                         Monica E. Ryan
                         Assistant U.S. Attorney
                         (718) 254-6470

cc:  Michelle Gelernt, Esq.
     Lisa Langone, US Probation Officer